AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| United States of America | ) | |
| v. | ) | Case No. **8:15 MJ 1025 TGW** |
| STEVEN ROSS | ) | 8:15-MJ- |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____December 8 and 15, 2014_____ in the county of _____Pinellas_____ in the ____Middle____ District of _____Florida_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of firearms by a convicted felon |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

MICHAEL COAD, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __JANUARY 14, 2015__

_____
*Judge's signature*

City and state: _____Tampa, Florida_____

THOMAS G. WILSON, U.S. Magistrate Judge
*Printed name and title*

8:15 MJ 1025 TGW

## AFFIDAVIT

INTRODUCTION

I, Michael Coad, being duly sworn, depose, and state:

1.    I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been employed by ATF since July 1990. Currently, I am assigned to the Tampa Field Division, which is located in the Middle District of Florida. I have completed the Federal Law Enforcement Training Center's Criminal Investigators Training Program and ATF's Special Agent Basic Training program. During this training, I learned federal firearm statutes, as well as other violations of the United States Code. I am authorized to investigate violations of laws of the United States, including violent crimes and narcotics offenses, and to execute warrants issued under the authority of the United States.

2.    I submit this affidavit in support of a criminal complaint charging defendant Steven ROSS with committing the offense of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

3.    The statements contained in this Affidavit are based on my personal knowledge, as well as reliable information related to me by other members of law enforcement.   Because of the limited purpose of this Affidavit, I have not included each and every fact known to me, but only those facts that I believe are necessary to establish probable cause in support of the requested complaint.

STATEMENT OF PROBABLE CAUSE

    4.     On December 8, 2014, a documented confidential informant (C/I) with both the St. Petersburg Police Department (SPPD) and ATF advised that a subject, Steven ROSS, had a .45 caliber pistol and a rifle for sale. The C/I advised that ROSS wanted $1,000 for both firearms. Detective Lyons had the C/I tell ROSS that Detective Lyons would buy the firearms later in the day.

    5.     Later on that day, Detective Lyons picked up the C/I. During a phone call between the C/I and ROSS, ROSS advised that he only had one gun at that time, and that it was a 9mm handgun. ROSS advised that he wanted $600 for the firearm. ROSS further advised that he wanted to meet at the Walgreens at 9th Avenue North and 49th Street North in St. Petersburg, in Pinellas County, Florida, which is in the Middle District of Florida. Detective Lyons and the C/I told ROSS that they wanted the firearm, and ROSS said he would be at the Walgreen in just a few minutes.

    6.     A short time later, ROSS pulled up at the Walgreens in a blue, Toyota four-door vehicle. ROSS said that he wanted to deal with the C/I rather than Detective Lyons as ROSS trusted the C/I more. ROSS pulled up in the space next to Detective Lyons on the passenger's side of Detective Lyons' vehicle. The C/I asked ROSS to hold the gun up so Detective Lyons could see the firearm. ROSS then held the 9mm firearm up so that Detective Lyons could see it.

    7.     Detective Lyons then told ROSS that Detective Lyons would give the C/I half of the money and the second half when the C/I brought the gun to Detective Lyons. ROSS refused, wanting the C/I to come over with all the money. Detective Lyons agreed to that proposal presuming ROSS's car did not drive off.

8.      Detective Lyons then gave the $600 in currency to the C/I, who exited the vehicle and got into the back seat on the driver's side of the vehicle ROSS was driving. Detective Lyons then watched as ROSS turned around and handed the C/I the firearm, which was later determined to be a Jimenez Arms, 9mm pistol, SN# scratched off, with two clips containing a total of seven rounds of ammunition. The C/I then returned to the undercover vehicle and handed Detective Lyons the firearm and clips. ROSS then drove away. There was an unknown black male passenger in the front seat of the vehicle with ROSS.

9.      Detective Lyons then left the location with the C/I. A few minutes later, ROSS called the C/I and advised that ROSS was going to pick up another gun and asked if the C/I wanted it. ROSS advised that he thought it was a .357 magnum. Detective Lyons and the C/I advised ROSS that they were interested.

10.     ROSS called back about twenty minutes later and advised that the firearm he had to sell was actually a .38 special and that he wanted $350. Detective Lyons had the C/I advise ROSS that they would take it and ROSS asked to meet back at the Walgreens.

11.     Detective Lyons then drove back to the Walgreens and waited for ROSS to return. A short time later, ROSS returned in the same car as in the first purchase. ROSS pulled the vehicle up next to where Detective Lyons and the C/I were standing. Detective Lyons walked up to the driver's side window where ROSS was sitting. The same unknown subject was in the passenger's seat, and two unknown subjects were in the back seats. ROSS handed Detective Lyons the revolver, a Rossi, .38 caliber revolver, SN# D945297,

loaded with two rounds of ammunition in the firearm, and Detective Lyons gave ROSS $350.

12.     On December 15, 2014, Detective Lyons received information from the C/I that ROSS had a .40 caliber Glock that he was looking to sell. ROSS also advised that he had a 30/30 rifle. ROSS advised that he wanted $1,400 for both. Detective Lyons told the C/I to call ROSS back to tell him that the most Detective Lyons could pay was $1,200. The call was made and ROSS agreed to the price.

13.     A short time later, Detective Lyons picked up the C/I. They called ROSS and advised him that they were ready. They agreed to meet at the same Walgreens store at 9th Avenue North and 49th Street North. Detective Lyons arrived at the Walgreens first, and a white Nissan Maxima with dark tinted windows then pulled into the Walgreens parking lot. The vehicle pulled up next to Detective Lyons's vehicle. Detective Lyons exited his vehicle and approached the white Nissan Maxima. The back door of the Nissan opened and Detective Lyons observed ROSS was in the back seat on the driver's side. Detective Lyons observed unknown black females in both the driver's and front passenger's seats of the Nissan. Detective Lyons observed that ROSS had a rifle on his lap with a bed sheet wrapped around it. ROSS uncovered the rifle and showed it to Detective Lyons. Detective Lyons asked what it was and ROSS stated "a 30/30." Detective Lyons then took the rifle with the sheet and placed it into the front seat of the undercover vehicle. The rifle was later determined to be a Browning bolt action 30/30 rifle, SN# 75045NT8C7. Detective Lyons then walked back to the white Nissan and observed ROSS holding a Glock in his hand. ROSS then handed Detective Lyons what was later

determined to be a Glock 22, .40 caliber pistol, SN# M00566HP. Detective Lyons then

handed ROSS $1,200 in currency.

     14.    I obtained certified copies of judgments from ROSS's felony cases, and

determined ROSS was a convicted felon as a result of being convicted of at least the

following felony offenses:

     (1)    **Grand Theft of a Motor Vehicle (F.S.A. § 812.014)**, Case No. 07-16058CFANO, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, on or about November 21, 2007;

     (2)    **Possession of Cocaine (F.S.A. § 893.13)**, Case No. 07-22522CFANO, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, on or about October 16, 2008;

     (3)    **Felonious Possession of Firearms (F.S.A. § 790.23/775.087)**, Case No. 08-14371CFANO, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, on or about October 16, 2008;

     (4)    **Sale of Cocaine (F.S.A. § 893.13)**, Case No. 10-08369CFANO, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, on or about July 2, 2010;

     (5)    **Possession of Cocaine (F.S.A. § 893.13)**, Case No. 10-08369CFANO, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, on or about July 2, 2010;

     (6)    **Possession of Cocaine (F.S.A § 893.13)**, Case No. 10-2371CFANO, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, on or about July 2, 2010; and

     (7)    **Fleeing or Eluding a Law Enforcement Officer (F.S.A § 316.1935)**, Case No. 10-2371CFANO, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, on or about July 2, 2010.

     15.    On or about January 13, 2015, I confirmed with the Florida Office of

Executive Clemency stating that they had no record of ROSS receiving a restoration of

his civil rights, specifically his authority to own, possess, use, or receive firearms of any

kind, or any pardons of any kind as of this date.

16.    On December 19, 2014, I contacted an interstate nexus expert with ATF, who advised that all of the firearms purchased from ROSS, and mentioned above, were not made in Florida. For the firearms to be found in Florida they had to cross state lines, and thus affected interstate commerce.

CONCLUSION

17.    Based upon the foregoing information, I respectfully submit that there is probable cause to establish that the defendant, Steven ROSS, has committed the offense of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).


MICHAEL COAD, Special Agent
Bureau of Alcohol, Tobacco, Firearms
and Explosives


Subscribed and sworn before me in
Tampa, Florida this / 4ᵗʰ day of January, 2015.


THOMAS G. WILSON
United States Magistrate Judge

6