UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                Case No.: 8:15-cr-142-VMC-NHA

STEVEN ROSS

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Steven Ross's Sealed Amended Motion for Reduced Sentence (Doc. # 111), filed on November 12, 2024. The United States of America responded under seal on December 10, 2024. (Doc. # 115-1). For the reasons set forth below, the Motion is denied.

**I.  Background**

Mr. Ross was indicted on five counts: Count 1 for Felon in Possession of a Firearm (related to possession of two handguns and ammunition on December 8, 2014); Count 2 for Felon in Possession of a Firearm (related to possession of a handgun, a rifle, and ammunition on December 15, 2014); Count 3 for Felon in Possession of a Firearm (related to possession of three handguns and ammunition on January 22, 2015); and Count 4 for Forcibly Assaulting a Federal Agent with a Dangerous weapon (related to an assault on a Special Agent

1

with the Bureau of Alcohol, Tobacco, Firearms, and Explosives that took place on January 22, 2015). (Doc. # 3). Mr. Ross pled guilty pursuant to a plea agreement to Counts Three and Four. (Doc. ## 25, 32, 34).

On December 2, 2016, the Court sentenced Mr. Ross to a total of 151 months' imprisonment. (Doc. ## 64, 69). Mr. Ross is 35 years old and is projected to be released on November 7, 2025.[1]

Through appointed counsel, Mr. Ross seeks compassionate release based on his medical condition and rehabilitation. (Doc. # 111). Specifically, Mr. Ross argues that, while he is in remission from testicular cancer, the Bureau of Prisons ("BOP") "has failed to provide him with the long-term and specialized care necessary to ensure that, if his life-threatening condition returns, it is treated promptly." (Id. at 1). Regarding rehabilitation, Mr. Ross notes his taking of numerous courses while incarcerated, including a drug abuse education class and obtaining a commercial driving license, and his work as a unit orderly. (Id. at 16).

The United States has responded (Doc. # 115-1), and the Motion is now ripe for review.

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

**II. Discussion**

The United States argues first that the Motion should be denied because Mr. Ross has not established an extraordinary and compelling reason for compassionate release and, alternatively, that Mr. Ross is a danger to others and the Section 3553(a) factors weigh against release. (Id.).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). If the exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

"Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there

are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually long sentence." <u>United States v. Allen</u>, No. 1:09-CR-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024).

The relevant medical circumstances that qualify as extraordinary and compelling are as follows:

(1) Medical Circumstances of the Defendant.--

. . .

(B) The defendant is —

    (i) suffering from a serious physical or medical condition,

    (ii) suffering from a serious functional or cognitive impairment, or

    (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. 1B1.13(b)(1).

In his Motion, Mr. Ross relies on his medical circumstances. (Doc. # 111 at 9-15). Specifically, while he acknowledges that his testicular cancer has been in remission for years, Mr. Ross argues that "BOP has failed to provide him with the long-term and specialized care required to ensure early detection of his cancer's return." (Id. at 10). Mr. Ross asserts that "he has only had one follow-up appointment since June 2021" — a follow-up appointment with imaging that was held on November 8, 2022. (Id. at 11). He also notes that he has additional medical conditions like neuropathy and hypertension, among others, for which he feels the medical care provided by BOP is mediocre. (Id. at 14-15).

The Court agrees with the United States that Mr. Ross has not established an extraordinary and compelling reason based on his in-remission cancer or other conditions. "Several courts have denied compassionate release to prisoners with cancer in remission who receive adequate treatment and are able to care for themselves." United States v. Zheng, 541 F. Supp. 3d 154, 155-56 (D. Mass. 2021); see also United States v. Lara, No. 14-CR-215-5-GPC, 2021 WL 1839985, at *4 (S.D. Cal. May 7, 2021) ("Several courts to have considered the issue have determined that having a history of cancer, by itself, does not constitute an

extraordinary and compelling reason for compassionate release."); <u>United States v. Apicella</u>, No. 2:18-cr-49-SPC-NPM, 2020 WL 7260760, at *2 (M.D. Fla. Dec. 10, 2020) ("[Apicella's] cancer in remission and hypertension are not extraordinary and compelling reasons to grant release. His BOP medical records support this finding. Neither medical ailment is terminal nor renders him incapable of providing self-care while in prison. Indeed, there is no evidence that Apicella's cancer has returned and he receives daily hypertension medication." (citations omitted)).

Here, Mr. Ross has received and will continue to receive follow-up medical appointments to detect if his cancer has returned and to treat other ailments. These medical appointments include, among others, a radiology follow-up appointment in November 2021, blood work done in September 2022, a radiology appointment and CT scan in November 2022, and a Chronic Care Clinic appointment in July 2024 during which Mr. Ross reported pain in his elbow while exercising and that "his right groin fe[lt] a little full or swollen sometimes but he denied discrete mass." (Doc. # 115-4 at 3-4, 73-109, 253-270). Even if the number of these follow-up appointments is less than the ideal recommended by oncologists, the Court is not convinced that Mr. Ross is

receiving insufficient medical care. He does not have a terminal condition, he is able to provide self-care while in prison despite his being in remission, and he is able to obtain medical treatment when he has issues arise.

Likewise, although Mr. Ross has a few other medical conditions, his medical records reveal that BOP is providing him treatment for these conditions, including prescription medications for his neuropathy and hypertension. (Doc. # 111 at 14-15; Doc. # 115-3 at 13). These other medical conditions do not qualify as an extraordinary and compelling reason for release as they are not terminal and do not interfere with his ability to provide self-care. The Motion is denied for this reason.

Even if Mr. Ross had established an extraordinary and compelling reason, compassionate release still would not be granted. Before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, U.S.S.G. 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors favor early release. Notably, Section 3553(a) requires the imposition of a sentence that, among other things, protects the public, reflects the seriousness of the crime, and affords adequate deterrence.

Here, the Section 3553(a) factors weigh against early release. Mr. Ross is a danger to the public, considering the seriousness of his previous convictions (such as grand theft auto, possession of cocaine, and felon in possession of a firearm), his offenses in this case, and the dangerous manner in which he fled from law enforcement. The United States accurately captures the dangerousness of Mr. Ross's behavior in this case:

> In the instant offense, [Mr.] Ross, a convicted felon, was engaging in the sale of multiple firearms on December 8, 2014, and December 15, 2014. One of the firearms [Mr.] Ross sold also had the serial number scratched off. On January 22, 2015, another sale of firearms was arranged. [Mr.] Ross had three firearms in his lap and then placed them in a bag and handed them to an undercover officer. After receiving those firearms, the undercover officer gave a signal to arrest [Mr.] Ross. As ATF's arrest team moved in, [Mr.] Ross then attempted to leave and hit an ATF vehicle driven by Special Agent ("SA") DesLauriers. [Mr.] Ross then attempted to flee further and drove in the direction of SA Bauer. SA Bauer discharged his firearm in an effort to stop [Mr.] Ross ([Mr.] Ross was not struck by a bullet), and [Mr.] Ross was apprehended shortly thereafter.

(Doc. # 115-1 at 10). The United States is correct that Mr. Ross's conduct "demonstrates an extremely concerning disregard for the law and for law enforcement." (Id.). Given the seriousness of the conduct in this case and Mr. Ross's previous criminal convictions, Mr. Ross must serve his full

sentence to promote respect for the law, deter future criminal conduct by Mr. Ross and others, and protect the public.

While the Court applauds Mr. Ross's efforts at rehabilitation, these efforts do not constitute an extraordinary and compelling reason for release. See U.S.S.G. 1B1.13(d) ("Pursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."). Nor do these rehabilitation efforts alter the Court's finding that Mr. Ross is a danger to the community and that the 3553(a) factors weigh against release.

The Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Steven Ross's Sealed Amended Motion for Reduced Sentence (Doc. # 111) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of January, 2025.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE